## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL E. NUTTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-CV-0340-CVE-FHM** |
| | ) | |
| **JESSIE T. SUTTER, JR.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Now before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus with Brief in Support (Dkt. # 11). Respondent, Jessie T. Sutter, moves to dismiss petitioner's petition for writ of habeas corpus as barred by the one year statute of limitations under 28 U.S.C. § 2244(d).

## I.

On January 22, 2004, petitioner Michael E. Nutter was convicted of a second offense for driving under the influence and driving with a suspended license, and he received a 5 year sentence. He reported to Oklahoma Department of Corrections ("DOC") custody on March 9, 2004. Prison documents show that petitioner was classified as a level 2 prisoner, but that he was eligible to earn enhanced credits to move up to level 3 or 4.[1] Petitioner's case manager, Connie Kays, reviewed his file on September 8, 2004, and found that petitioner had been charged for felony escape, even though this charge was dismissed with prejudice. Although the escape charge was dismissed, the

---

[1]     Oklahoma permits prisoners to earn credits toward obtaining early release from prison, but limits how many credits may be earned depending on a prisoner's classification. Okla. Stat. tit. 57, § 138. Class 1 prisoners are not entitled to earn credits, while class 4 prisoners may earn up to 44 credits per month.

existence of a charge for escape, supported by proper documentation, allegedly required Kays to revoke 92 earned credits from petitioner.  More importantly, petitioner would not be eligible for level 3 or 4 status until November 16, 2008, because he could not be placed in minimum security until his escape points expired.  Petitioner filed a request to staff on September 16, 2004 to challenge the revocation of credits, but this claim was denied.  Petitioner appealed the denial of his request to staff through the administrative appeals process but, on February 14, 2005, DOC notified him that his final internal appeal had been denied.[2]

Petitioner filed an application for post-conviction relief in Tulsa County District Court on July 21, 2005.  On August 18, 2005, his application was denied, because it was filed in the wrong county.  His application should have been filed in the county where he was imprisoned, Craig County, instead of the county where he was convicted, Tulsa County.[3]  Instead of immediately filing a petition for writ of mandamus in the proper court, he instituted a civil rights action against 4 DOC defendants in the Northern District of Oklahoma alleging that his constitutional rights were violated when his credits were revoked.  See Nutter v. Ward, 05-CV-517-TCK-SAJ (N.D. Okla.).  On October 26, 2005, the case was dismissed for failure to state a claim.[4]  Following the dismissal of his civil rights action, petitioner filed a petition for writ of mandamus in Craig County District Court on December 2, 2005.  His petition was denied by the district court, and the Oklahoma Court of

---

[2]     Respondent cites to a request to staff dated May 10, 2005, but it appears that petitioner had exhausted his DOC remedies before this date.

[3]     In addition, it appears that petitioner filed a petition for post-conviction relief under Okla. Stat. tit. 22, § 1180, which may be used to challenge a conviction or sentence only.  The proper remedy to challenge the conditions of his confinement was a petition for writ of mandamus. Johnson v. Dept. of Corrections, 916 P.2d 964, 265 (Okla. Crim. App. 1996).

[4]     The Tenth Circuit affirmed the district court's decision on May 2, 2006, and the civil action was terminated.

Criminal Appeals affirmed the denial of his petition for writ of mandamus on June 22, 2006.  He

filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court on June 29, 2006.

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The Tenth Circuit Court of Appeals has found that the one-year limitations

period provided by § 2244(d)(1) and the tolling provisions of § 2244(d)(2) apply to claims asserted

by a state prisoner in a § 2241 petition.  Howard v. Ulibarri, 457 F.3d 1146, 1148-49 (10th Cir.

2006); Burger v. Scott, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003).

Respondent argues that the statute of limitations began to run on December 1, 2004, when 92 credits were removed from petitioner due to the felony escape charge. However, respondent ignores the tolling provision of § 2244(d)(2). The issue in this case is whether petitioner's application to the state court for collateral review of his claim was properly filed under § 2244(d)(2). See Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006) ("A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading."). An application for post-conviction or collateral review is properly filed if is meets the state's filing requirements, which may include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000). Substantive requirements, such as an affirmative defense that precludes the state court from granting relief on the merits, do not prevent a motion from being "properly filed" in state court for purposes of § 2244(d)(2). Id. at 1211.

In this case, petitioner's properly filed a motion for collateral review in state court, and the tolling provision applies. Contrary to respondent's assertion, the statute of limitations did not begin to run until February 14, 2005, when DOC denied petitioner's final administrative appeal. Petitioner's application for post-conviction relief in Tulsa County District Court was not properly filed, because he did not comply with the filing requirements established by Oklahoma procedural law. Burger, 317 F.3d at 1139 (document is not properly filed if it does not comply with applicable procedural rules, for example, rules specifying the form of the document or the court where the document should be filed). However, petitioner's request for a writ of mandamus filed in Craig

4

County was properly filed.  This means that the statute of limitations ran from February 14, 2005 until December 2, 2005, when the statute of limitations was tolled because of petitioner's properly filed request for collateral review in state court.  At the time the statute of limitations was tolled, 291 days had expired.  Petitioner had 74 days to file his petition for writ of habeas corpus following the Oklahoma Court of Criminal Appeals' ruling denying his petition for writ of mandamus on June 22, 2006.  Petitioner filed a petition for habeas relief in this Court on June 29, 2006, 7 days after his final appeal was denied.  Therefore, petitioner's claim is timely, as it falls within the one year statute of limitations under § 2244(d).

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus with Brief in Support (Dkt. # 11) is **denied**.

**IT IS FURTHER ORDERED** that respondent is ordered to respond to the petition for writ of habeas corpus within 30 days of the entry of this Opinion and Order.  Petitioner may file a reply within 30 days after the filing of respondent's response.

**DATED** this 19th day of March, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT